UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JARRETT R. JENKINS,

                Plaintiff,

-against-

LVNV FUNDING, LLC,

                Defendant.

Docket No: 2:14-cv-05682

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

WHEREAS, *pro se* Plaintiff Jarrett R. Jenkins and Defendant LVNV Funding, LLC (collectively, the "Parties") may seek discovery of information that is of a confidential, proprietary or otherwise sensitive nature; and

WHEREAS, the Parties are willing to produce such documents, materials or information, subject to an understanding regarding the confidentiality being afforded to such documents, materials and information;

WHEREAS, the Parties desire to record their mutual understanding regarding the confidentiality protections that will be afforded to certain documents, materials and information produced in this case, and have jointly produced this agreed-on form of Confidentiality And Protective Order; and

WHEREAS, counsel for the Parties agree to be bound by the provisions of this Confidentiality And Protective Order;

BASED ON THE FOREGOING, IT IS HEREBY ORDERED:

1. Any Party may make any document by marking the same "CONFIDENTIAL", "FOR ATTORNEYS' EYES ONLY" or some similar designation on the face of each page or, for documents produced on electronic or magnetic media, on the exterior of any container holding such document before the document is produced to any other party, if counsel determines, in good faith, that such designation is necessary to protect the interests of that counsel's client. While it is not possible to describe the nature of all of the materials that would be protected by this Order, "CONFIDENTIAL" and/or "FOR ATTORNEYS' EYES ONLY" material shall include, but shall not be limited to, technical drawings; patented design information and specifications; sales and marketing strategies;

patented design information and specifications; sales and marketing strategies; customer lists; sales volume information; profits and revenues; and personal information about defendants' customers and employees. Each party may also so designate information, documents and excerpts from documents supplied by the Parties to each other as informal disclosures, initial disclosures, in response to discovery requests, in deposition testimony and as exhibits in motions or other submissions to the Court by marking them "CONFIDENTIAL" and/or "FOR ATTORNEYS' EYES ONLY." Documents previously produced or used as exhibits to pleadings may also be designated as "CONFIDENTIAL" and/or "FOR ATTORNEYS' EYES ONLY" with respect to any potential future disclosure if the party making that designation provides a specific description of the particular documents at issue.

2. All materials designated as "CONFIDENTIAL" and/or "FOR ATTORNEYS' EYES ONLY" may be used only for the purposes of the above-captioned litigation, including the taking of depositions, conduct of motion practice, preparation for and conduct of trial and appeals, settlement of claims, and the like.

3. "CONFIDENTIAL" information or materials shall not be disclosed to any person, except:

    (a)    The requesting Party and counsel of record;

    (b)    Employees of such counsel assigned to and necessary to assist in the litigation;

    (c)    Consultants, investigators or experts, and their assistants and secretarial or clerical personnel (hereinafter referred to collectively as "experts") employed by the Parties or counsel for the Parties to assist in the preparation and trial of the lawsuit to the extent that any such expert is not currently an employee, officer, or director of any known competitor of any named defendant at the time of this Order and does not currently and has not for the past five (5) years acted as a consultant that is a competitor of any named defendant, unless such expert's prior consulting work was de minimis and did not involve access to such "CONFIDENTIAL" information or materials;

    (d)    Any person from whom testimony is taken or is to be taken in this Action, except that such a person may only be shown

131062815v1 0968017

"CONFIDENTIAL" information or materials during and in preparation for his/her testimony and may not retain the "CONFIDENTIAL" information or materials;

(e) Other persons only upon consent of the producing party or upon order of the court and on such conditions as are agreed to or ordered;

(f) Mediators or arbitrators engaged by the Parties in the Action;

(g) Court reporters engaged for depositions; and

(h) The Court or the jury at trial or as exhibits to motions.

Disclosure shall only be made to persons who have executed an acknowledgment (in the form set forth at Attachment A hereto; hereinafter, the "Acknowledgment"), stating that he or she has read and understands the terms of this Order and is bound by it. Employees of counsel for the Parties, court reporters, mediators, the Court or the jury at trial shall not be required to sign the Acknowledgment, although they shall be obligated to maintain confidentiality as provided in Paragraph 6 hereto.

4. Any material that has been designated "CONFIDENTIAL" and which comprises or contains particularly sensitive information that a Party believes in good faith could cause harm to its business if disclosed to personnel for the receiving Party, or involves information that the receiving Party could use to its benefit outside this litigation (which Defendants believe will be limited to information about their costs, profits, customer lists, sales strategies, financial, marketing or sales information, service agreements, and/or information relating to research, development and/or testing of a Party's existing and proposed future service or benefits products), may also be designated as "FOR ATTORNEYS' EYES ONLY" or some similar designation on the face of each page or, for documents produced on electronic or magnetic media, on the exterior of any container holding such document before the document is produced to any other party. Notwithstanding any other provision of this Confidentiality And Protective Order, no defendant or employee, agent or consultant of defendant, except outside counsel of record for the Parties, and persons identified in paragraphs 3(b), 3(c) and 3(e) hereof, shall have access to, or be directly or indirectly advised of the contents of any "CONFIDENTIAL" and/or "FOR ATTORNEYS' EYES ONLY" information or materials.

1310628l5v1 0968017

5. Nothing contained herein shall operate to prevent a Party from disclosing its own confidential information, including, but not limited to, information designated as "FOR ATTORNEYS' EYES ONLY."

6. Counsel for the Parties and persons employed by such counsel shall take reasonable efforts to prevent unauthorized disclosure of documents designated as "CONFIDENTIAL" including, but not limited to, documents designed as "FOR ATTORNEYS' EYES ONLY," pursuant to the terms of this Order. Employees of counsel, court reporters, mediators, the Court or the jury at trial shall not be obligated to sign the Acknowledgment, but shall be obligated to maintain the confidentiality of information designated as "CONFIDENTIAL" including, but not limited to, documents designed as "FOR ATTORNEYS' EYES ONLY, hereunder. Counsel shall advise its employees and, as appropriate, court reporters, of their obligations hereunder. Counsel shall also maintain the originals of the Acknowledgments and/or Certifications signed by those persons as required by this Order. Counsel shall promptly provide the producing party with copies of the Acknowledgments executed by those to whom documents have been produced. As for those Acknowledgments that have been executed by consulting experts, investigators or consultants whose names have not been disclosed during discovery, counsel shall maintain such Acknowledgments and/or Certifications and produce them at such time, if ever, that the names of said consultants, investigators or experts are disclosed during discovery, or, upon a showing of good cause by the producing party, as determined by the Court.

7. All copies, duplicates, extracts, portions, summaries or descriptions of documents designated as "CONFIDENTIAL" including, but not limited to, documents designed as "FOR ATTORNEYS' EYES ONLY," shall retain the same designation as the originals and shall be afforded the full protection of this Order.

8. If a party objects to any document being designated as "CONFIDENTIAL" or "FOR ATTORNEYS' EYES ONLY," then the Parties shall first try to resolve such dispute in good faith. If the Parties cannot resolve the dispute in good faith, the party objecting to the designation may seek appropriate relief from this Court. During the pendency of any challenge to the designation of a document or information, the designated document shall continue to be treated as "CONFIDENTIAL" or "FOR ATTORNEYS' EYES ONLY."

9. The inadvertent disclosure or production of any documents or information that a party claims to be privileged[1] shall not be a waiver of any privilege. Within ten (10) days of discovery of any such inadvertent disclosure or production, the producing party shall so inform counsel for the other Parties whereupon counsel shall return all copies of such document or information to the producing party. The question of whether the document or information in question is, in fact, privileged, shall be determined by the Court upon motion of any party challenging or objecting to such designation. The voluntary production of any privileged documents or information, and the waiver of any privilege relating to any such documents or information, shall apply solely and exclusively to this case and the Parties to this case and their counsel, and shall not constitute a waiver of any privilege with respect to any other Parties, matters, or proceedings, as to which all such privileges are and shall be preserved without prejudice.

10. Any party to this Confidentiality And Protective Order who wishes to file "CONFIDENTIAL" and/or "FOR ATTORNEYS' EYES ONLY" information or materials with the Court must file a motion to seal and shall be bound by the provisions set forth in any applicable Rules of Court.

11. Any party, claimant, or non-party that intends to read from a document containing "CONFIDENTIAL" information or materials, or refer explicitly such information so designated, at a proceeding before the Court or at a deposition shall so state in Court, or at the deposition, such as the case may be, prior to actual disclosure so that the designating party may have an opportunity to ask the Court to take such actions as the designating party believes are appropriate to protect the confidentiality of such information, or, if at a deposition, counsel for the witness may request all persons, except those identified in Paragraphs 3 and Paragraph 4 and any person recording or transcribing the testimony, where applicable, to leave the room where the deposition is proceeding until completion of the answer or answers containing such Confidential Information including, but not limited to, "FOR ATTORNEYS' EYES ONLY" information.

12. Nothing in this Order limits: (i) the use of information gathered in any context other than discovery conducted under the applicable rules, statutes, and orders; or (ii) the use of matters of public record.

---

[1] The reference here to "privileged" includes documents that are protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege and those documents that the producing party believes in good faith constitute or contain "CONFIDENTIAL" and/or "FOR ATTORNEYS' EYES ONLY" information or materials.

- 5 -

131062815v1 0968017

13. Third Parties who provide discovery in this action shall be given a copy of this Protective Order and may invoke the provisions of this Protective Order as to that discovery by executing an Acknowledgement and providing a copy of such Acknowledgment to all Parties. Upon receipt of the acknowledgement from a third party, the third party's discovery materials will be treated by the Parties in conformance with this Protective Order.

14. In the event a Party receives a subpoena seeking the production of "CONFIDENTIAL" and/or "FOR ATTORNEYS' EYES ONLY" information or materials, including a transcript of a Party's officers, directors, agents, consultants, experts, and/or employees elicited during depositions, hearings and other proceedings, the Party receiving the subpoena must serve a copy of the subpoena to the producing Party within three (3) business days after receipt of the subpoena. Thereafter, either Party shall have five (5) business days to file a motion for protective order seeking to quash the subpoena, in whole or in its entirety, or any similar motion. If no motion is filed within that time, the subpoenaed Party may produce the subpoenaed "CONFIDENTIAL" and/or "FOR ATTORNEYS' EYES ONLY" information or materials only after providing the Party serving the subpoena with a copy of this Protective Order, which shall govern the handling of such "CONFIDENTIAL" and/or "FOR ATTORNEYS' EYES ONLY" information or materials.

15. Not later than sixty (60) days after the termination of this litigation, whether by settlement or the expiration of any applicable appeal period, all originals and reproductions of materials that are subject to this Order, with the exception of documents containing writings or markings constituting attorney-client privileged communications or attorney work product, must be (i) returned to the party producing them; (ii) certified that they have been destroyed; or (iii) certified that they will be secured so that their confidentiality under this Order is maintained and the confidential documents will be not be used for any purpose whatsoever.

16. All provisions of this Order restricting the use of documents designated as "CONFIDENTIAL" and/or "FOR ATTORNEYS' EYES ONLY," shall continue to be binding after the conclusion of the litigation unless otherwise agreed or ordered.

17. The Clerk of Court may, at the conclusion of the litigation including conclusion of any appeal, return to counsel for the Parties, or destroy, any materials filed under seal. Before destroying any document filed under seal, the Clerk of Court shall advise all Parties of their option to accept return or destruction

and shall allow no less than thirty (30) days from issuance of the notice for counsel to respond. In the absence of a response, the Clerk of Court may destroy documents filed under seal.

18. Nothing in this Order: (i) supersedes any provision of the Local Rules related to the filing of materials or judicial proceedings; (ii) may be deemed to prejudice or otherwise affect the right of any party to seek further or additional relief related to the treatment of "CONFIDENTIAL" and/or "FOR ATTORNEYS' EYES ONLY" information or materials; or (iii) shall constitute a waiver of, or otherwise prejudice a party's right to protect from disclosure any information based on any applicable privilege, right of privacy, trade secret protection or other statutory or common law immunity. Production of any documents pursuant to this Confidentiality And Protective Order shall not constitute a waiver of any claim that the document is not relevant or admissible or subject to privilege.

Dated: May 14, 2015

JARRETT R. JENKINS

By: /s/ Jarrett R. Jenkins

Jarrett R. Jenkins
*Plaintiff Pro Se*
334 Locust Street, Apt-1
West Hempstead, NY 11552

Dated: May 15, 2015

HINSHAW & CULBERTSON LLP

By: /s/ Han Sheng Beh

Han Sheng Beh
*Attorneys for Defendant*
800 Third Avenue, 13th Floor
New York, NY 10022
(212) 471-6200

**SO ORDERED**

Dated: _____, 2015

**SO ORDERED**

/s/ A. Kathleen Tomlinson
A. Kathleen Tomlinson
United States Magistrate Judge
Date: May 18, 2015
Central Islip, N.Y.

- 7 -

131062815v1 0968017

# ATTACHMENT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JARRETT R. JENKINS,

                    Plaintiff,

    -against-

LVNV FUNDING, LLC,

                    Defendant.

Docket No: 2:14-cv-05682

## ACKNOWLEDGMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND

    The undersigned hereby acknowledges that he or she has read the Confidentiality And Protective Order dated_____, 2015, in the above captioned action, understands the terms thereof, and agrees to be bound by such terms. The undersigned submits to the jurisdiction of the United States District Court for the Southern District of New York in matters relating to the Confidentiality And Protective Order and understands that the terms of said Order obligate him/her to use discovery materials designated CONFIDENTIAL solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern.

    The undersigned acknowledges that he or she: (a) is not currently an employee, officer, or director of any competitor of any named defendant; and (b) does not currently and has not for the past five (5) years acted as a consultant of any competitor of any named defendant.

    The undersigned acknowledges that he or she shall not receive or review any documents designated as CONFIDENTIAL until the signed Acknowledgment of Understanding and Agreement to be Bound is served upon counsel for the producing party, unless the undersigned is a consulting expert, investigator or consultant, whose identity has not been disclosed during discovery, in which case counsel shall maintain this Attachment and produce it at such time, if ever, that the

undersigned is disclosed during discovery, or, upon a showing of good cause by the producing party, as determined by the Court.

The undersigned acknowledges that violation of the Confidentiality And Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____

_____
Signature

## 1. ATTACHMENT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JARRETT R. JENKINS,

                Plaintiff,

-against-

LVNV FUNDING, LLC,

                Defendant.

Docket No: 2:14-cv-05682

### CERTIFICATION OF NEED FOR ASSISTANCE OF PARTY/EMPLOYEE

Pursuant to the Confidentiality And Protective Order entered in this action, I certify that the assistance of _____ _____ is reasonably necessary to the conduct of this litigation and that this assistance requires the disclosure to this individual of information which has been designated as CONFIDENTIAL.

I have explained the terms of the Confidentiality And Protective Order to the individual named above and will obtain his or her signature on an "Acknowledgment of Understanding and Agreement to be Bound" prior to releasing any confidential documents to the named individual, and I will release only such confidential documents as are reasonably necessary to the conduct of the litigation.

The individual named above is:

☐    A named party;

☐    An employee of named party _____. This employee's job title is _____ and work address is:

_____
_____

Date: _____

_____
Signature