UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JARRETT R. JENKINS,

                              Plaintiff,

         - against -

**ORDER**

CV 14-5682 (SJF) (AKT)

LVNV FUNDING, LLC,

                              Defendant.
-------------------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      The Court has received Defendant's September 4, 2015 letter motion seeking to quash Plaintiff's Amended Deposition Notice, dated August 23, 2015, in which Plaintiff seeks to depose eight (8) non-party individuals. DE 35. According to Defendant, the non-parties are current and former employees of Defendant's servicer, Resurgent Capital Services, and all reside in South Carolina. *See id.* The Court has also reviewed Plaintiff's letter in response to the motion. DE 36.

      Having considered Plaintiff's letter, the Court finds that Plaintiff has not sufficiently addressed the issues raised in Defendant's motion to quash. To the extent Plaintiff is seeking to depose the eight (8) individuals listed in the Amended Deposition Notice, Plaintiff must provide the Court with the following additional information: (1) who each individual is; (2) what position or title each individual holds; and (3) Plaintiff's good-faith basis for asserting that the witness has information which is material to the claims in this case and why the witness' testimony is not duplicative of other witnesses. The Court is deferring a ruling on Defendant's motion until it

receives this information from Plaintiff. Plaintiff is to provide this information to the Court by September 29, 2015.

The Court also brings to the attention of the *pro se* Plaintiff information concerning the depositions of non-parties. The fact that the some or all of the non-parties Plaintiff seeks to depose are employees of the Defendant does not remove their status as non-parties. Moreover, there "a general presumption that a non-resident's deposition will be held where he or she resides or works." *Bank of New York v. Meridien Biao Bank Tanzania Ltd.*, 171 F.R.D. 135, 155 (S.D.N.Y. 1997); *Mill-Run Tours, Inc. v. Khashoggi*, 124 F.R.D. 547, 550 (S.D.N.Y. 1989) (citing cases). "Generally, if a plaintiff notices a defendant's deposition with a location other than defendant's residence or place of business and defendant objects, the plaintiff has the affirmative burden of demonstrating 'peculiar' circumstances which compel the court to order the depositions to be held in an alternate location." *Dagen v. CFC Gr. Holdings Ltd.*, No. 00-CV-54682, 2003 WL 21910861, at *2 (S.D.N.Y. Aug. 11, 2003) (quoting *Six West Retail Acqusitiion, Inc. v. Sony Theatre Mgmt Corp.*, 203 F.R.D. 98, 107 (S.D.N.Y. 2001)); *accord Arneauld v. Pentair, Inc.*, No. 11-CV-3891, 2012 WL 5932956, at *10 (E.D.N.Y. Nov. 26, 2012). Until such time as Plaintiff makes such a showing, the proper place for these depositions is the federal district in which these witnesses reside. The Court also points out that the Local Rules of the Eastern District of New York permit depositions to be conducted by telephone or videoconference.

Dated: Central Islip, New York
      September 22, 2015

**SO ORDERED**.

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge